# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth R. Kunzer, | Case No. 20-CV-0882 (JRT/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa A. Hiniker, et al., | |
| Defendants. | |

Helen Herschler passed away in 1994.  She had been the principal beneficiary of a trust created under her husband's will.  The trust granted Ms. Herschler the power to appoint the entire corpus of the trust upon her death.  Plaintiff Kenneth R. Kunzer argued during the course of Ms. Herschler's probate proceedings that she had exercised that power in her will and had appointed the corpus of the trust to him.  The probate court found otherwise, determining that Ms. Herschler had not properly exercised her power of appointment.  Defendant U.S. Bank, as trustee, distributed all assets of the trust.  *See In the Matter of Trust A Under the Will of Albert P. Herschler*, No. 62-TR-CV-17-60 (Minn. Dist. Ct. Apr. 17, 2018).

Mr. Kunzer did not accept defeat quietly.  By 2006, Mr. Kunzer had filed so much ancillary litigation concerning U.S. Bank's distribution of the trust assets that he had been sanctioned no less than three times by the Minnesota state courts.  *Kunzer v. Doyscher*, No. 05-CV-2640 (JMR/AJB), 2006 WL 8444928, at *2 (D. Minn. July 10, 2006).  Mr. Kunzer then "moved his vexations to federal court," where he was sanctioned again and

1

fined over $17,000 in attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure. *Id.* Next, Mr. Kunzer sought to have federal criminal charges brought against the defendants to his civil actions — and when the United States Attorney's Office declined his request, Mr. Kunzer petitioned the Court to prosecute the U.S. Attorney for the District of Minnesota for failing to bring charges. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058 (D. Minn. 2009). Mr. Kunzer later assigned his supposed interest in the trust corpus to another person, who then initiated meritless litigation similar to that previously initiated by Mr. Kunzer himself. *See In the Matter of Trust A Under the Will of Albert P. Herschler*, No. 62-TR-CV-17-60 (D. Minn. 2017). And since 2019, Mr. Kunzer has returned to state court to file yet another three lawsuits attacking, in one way or another, the correctness of the probate court's decision. *See Kunzer v. Bichler*, No. 62-CV-19-3335 (Minn. Dist. Ct. 2019); *Kunzer v. Bichler*, No. 82-CV-19-5759 (Minn. Dist. Ct.); *Kunzer v. U.S. Bank*, No. 82-CV-20-864 (Minn. Dist. Ct.).

Mr. Kunzer now comes back to federal court, this time attempting to bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and state law against various defendants who have, at one time or another, been involved in either the distribution of the trust assets or the decades of litigation prosecuted by Mr. Kunzer challenging that distribution. The district courts have inherent authority to dismiss *sua sponte* any action that is frivolous or malicious. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it

lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mr. Kunzer's RICO claim is frivolous.  The successful pleading of a viable RICO claim requires the pleading of the existence of a RICO enterprise.  *See* 18 U.S.C. § 1961(4).  "Three elements must be proven to show that a RICO enterprise existed: (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering."  *United States v. Lee*, 374 F.3d 637, 647 (8th Cir. 2004).  A RICO enterprise is not merely a collection of individuals or entities who combine to commit unlawful acts; the structure of the enterprise must extend beyond the allegedly unlawful activities pleaded in the complaint. *See Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 354-55 (8th Cir. 2011).  No such ascertainable structure or enterprise separate from the unlawful behavior is pleaded in the complaint.  According to the pleading, Mr. Kunzer's enterprise existed only to cheat him out of his inheritance.  That is not an enterprise within the meaning of RICO.

Nor has a pattern of racketeering activity been plausibly alleged.  *See* 18 U.S.C. § 1961(5).  Mr. Kunzer's allegations, though voluminous in this regard, are largely conclusory.  Many actions or omissions of the defendants are alleged by Mr. Kunzer to have violated any of several federal criminal statutes and thereby constitute predicate acts for purposes of RICO.  But never does the complaint make clear how any single specific instance — much less a pattern of instances — amounts to a violation of the criminal law. Additionally, RICO actions are governed by a four-year statute of limitations, *see*

3

*Anderson v. Wells Fargo Bank, N.A.*, 266 F. Supp. 3d 1175, 1194 (D.S.D. 2017) (citing cases), and the only acts of the defendants alleged to have taken place within the past four years relate to litigation activities that cannot constitute predicate acts under RICO, *see Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018). Mr. Kunzer's RICO claim has no arguable basis in law, is therefore frivolous, and should be dismissed with prejudice on that basis.

This leaves only state-law claims pending against the defendants. Section 1331 of Title 28 does not provide a statutory basis for original subject-matter jurisdiction over these claims, unlike the RICO claim. Moreover, Mr. Kunzer has not alleged that the parties are of diverse citizenship, and thus 28 U.S.C. § 1332(a) does not provide a statutory basis for original subject-matter jurisdiction, either. Finally, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, any state-law claims should be dismissed without prejudice for lack of jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3).

Thus this matter should end — not only this lawsuit, but Mr. Kunzer's crusade against a probate decision now a quarter-century past. There is nothing left to litigate. And yet, through the efforts of one man, this scarecrow of a suit drones on.

No more. To date, no sanction has yet discouraged Mr. Kunzer from adding to his collection of failed lawsuits. This Court is not so naïve to think that it can impose closure solely through force of rhetoric. But it can recommend that Mr. Kunzer be restricted

from filing any new litigation against any of the defendants to this matter, or litigation that is otherwise related to the Herschler estate, without the prior approval of a judicial officer of this District. *See In re Tyler*, 839 F.2d 1290, 1294-95 (8th Cir. 1988). The Minnesota state courts long ago closed themselves as a venue for Mr. Kunzer's campaign of abusive litigation. It is now time for this Court to do the same.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HERBEY RECOMMENDED THAT:

1.  This matter be DISMISSED as follows:

    a.  The claims arising under federal law be DISMISSED WITH PREJUDICE as frivolous.

    b.  The claims arising under state law be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2.  Plaintiff Kenneth R. Kunzer's motion to vacate the state-court order [ECF No. 10] be DENIED AS MOOT.

3.  Mr. Kunzer be restricted from filing any new litigation against any of the defendants to this matter, or litigation that is otherwise related to the Herschler estate, without the prior approval of a judicial officer of this District.

Date:  June 3, 2020                          s/ *Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).